**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**NICHOLAUS WHITE,**

    Plaintiff,

v.

**SECURITAS SECURITY SERVICES USA, INC., a Foreign Profit Corporation,**

    Defendant.

Case No.: _____

**JURY DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICHOLAUS WHITE ("Plaintiff"), by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, SECURITAS SECURITY SERVICES USA, INC. ("Defendant"), and states:

## JURISDICTION & VENUE

1. Jurisdiction in this Court is proper as the claims herein are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Duval County, Florida, located within the Middle District of Florida.

**PARTIES AND FLSA COVERAGE**

4. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Middle District of Florida.

5. At all times material hereto, Defendant was, and continues to be a Foreign Profit Corporation, engaged in business in Florida, with a principal place of business in Parsippany, New Jersey.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendants were and continue to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant is, and was, in excess of $500,000.00 per annum for all time periods relevant hereto.

11. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of his usage of items that travelled in interstate commerce in the exercise of his regular duties as an employee of Defendant.

12. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

**STATEMENT OF FACTS**

13. Defendant operates a security company.

14. Plaintiff worked for Defendant as a non-exempt security guard.

15. Plaintiff began working for Defendant in approximately December 2022.

16. Plaintiff's employment ended in approximately July 2022.

17. Plaintiff's duties included securing premises and scanning individuals in and out of assigned locations.

18. At all times relevant hereto, Plaintiff was compensated on an hourly basis.

19. However, Plaintiff was not properly compensated for all of the hours that he worked in most, if not all workweeks.

20. Specifically, during times relevant to the claim, Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks.

21. However, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

22. Instead, Defendant shaved time from Plaintiff's time card and paid him for less hours than he actually worked during most, if not all, work weeks.

23. Plaintiff should have been, and should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

24. Defendant has violated Title 29 U.S.C. § 207 in that:

    a. Plaintiff worked in excess of forty (40) hours per week in most, if not all, workweeks during his employment as a security guard with Defendant;

    b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half

       times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek while Plaintiff worked as a security guard for Defendant as provided by the FLSA;

   c.   Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful or demonstrated reckless disregard for the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

25. Plaintiff realleges and reincorporate paragraphs 1 through 24 as if fully set forth herein.

26. Throughout the duration of his employment, Plaintiff routinely worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for each of his overtime hours worked.

27. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

28. Defendant had knowledge of the overtime hours worked by Plaintiff.

29. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

30. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

31. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

32. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek while employed by Defendant;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

    e. Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this ____ day of February, 2023.

                                              Respectfully Submitted,

                                              */s/ Chanelle J. Ventura*
                                              Chanelle J. Ventura, Esquire
                                              Florida Bar No.: 1002876
                                              Morgan & Morgan, P.A.
                                              8151 Peters Road., Suite 4000
                                              Plantation, FL 33324
                                              Telephone: (954) 318-0268
                                              Facsimile: (954) 333-3515
                                              Email: CVentura@forthepeople.com

                                              *Trial Counsel for Plaintiff*