**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**NICHOLAUS WHITE,**

    **Plaintiff,**

v.                                                              Case No. 3:23-cv-00140-TJC-JBT

**SECURITAS SECURITY SERVICES**
**USA, INC.**, a Foreign Profit Corporation,

    **Defendant.**

_____/

**JOINT MOTION TO APPROVE THE PARTIES' SETTLEMENT**

    Plaintiff NICHOLAUS WHITE ("Plaintiff") and Defendant SECURITAS SECURITY SERVICES USA, INC. ("Defendant"), under Federal Rules of Civil Procedure, file this Joint Motion to Approve the Parties' Settlement and state:

    1.    Plaintiff filed this case on February 7, 2023, under Fair Labor Standards Act ("FLSA"), seeking the recovery of overtime wages in connection with alleged off the clock work and non-payment of overtime.

    2.    Following Defendant's answer to the Complaint and during discovery, the parties voluntarily exchanged information and reached a resolution of all of Plaintiff's claims. The Parties' Settlement Agreement attached to this Motion as Exhibit A.

3. Under the settlement reached between the parties, Plaintiff acknowledges that Defendant does not admit he was not paid overtime required, but that the settlement of his claims are solely to avoid unnecessary continued litigation. Plaintiff agrees that he will receive compensation for every hour of overtime claimed by him based upon information obtained from Defendant and his own counsel, where applicable within the full statute of limitations period based upon his claimed regular rate and number of overtime hours. With the parties' settlement encompassing an individualized analysis of Plaintiff's discrete claims and provides Plaintiff with the actual amount claimed based upon the overtime rate, the parties believe that Plaintiff will receive consideration in full compensation for any overtime wages that may have been recovered from Defendant had he prevailed. *Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

4. Under Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable resolution over issues actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

5. The parties respectfully submit that their proposed Settlement Agreement comports with the Court, given Eleventh Circuit precedent since *Lynn's Food*. Despite agreeing amicably to resolve all of Plaintiff's claims, Defendant continues to deny that Plaintiff may have the amounts claimed. But despite the factual and legal defenses that Defendant believes apply in this matter, Defendant has concluded that it is preferable to conclude the litigation amicably, while considering the cost and time associated with the ongoing defense, including arbitration. And Defendant has also considered the uncertainty and risks inherent in any arbitration. Similarly, given financial considerations and the risk associated with not only continued litigation but also the extent of their potential recovery if Plaintiffs prevailed in arbitration following dismissal, Plaintiff desires amicably to resolve this litigation with certainty of knowledge of the sums he will receive from Defendant.

6. Plaintiff and Defendant were each represented by counsel experienced with FLSA claims and the settlement amount and Agreement were the subject of arms-length negotiations. The parties jointly submit to the Court there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the parties' claims and defenses and recommend reaching a fair and reasonable resolution.

7. Next, the parties advise the Court that the attorneys' fees and costs to be paid by Defendant under the settlement reached are not based upon the amounts claimed to be owed to Plaintiff, so there is no correlation between the consideration to be paid to Plaintiff and the attorneys' fees or costs to be paid by Defendant. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, the attorneys' fees and costs were analyzed and reviewed in addition to the specific amounts claimed by Plaintiff in their Complaint, the early procedural posture, and information provided by counsel. As federal courts addressing FLSA claims have recognized, and as the Honorable Judge Presnell explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "Plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the Plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach." 2009 U.S. Dist. LEXIS 68075 at *15-16. The parties negotiated the wages first and then

separately negotiated and resolved attorneys' fees and costs, which are fair and reasonable.

8. Here, Defendant has agreed to pay attorneys' fees and costs, in the amount in the Settlement Agreement. Defendant agrees that the sums paid under the parties' settlement for Plaintiff attorneys' fees and costs are fair and reasonable based upon the circumstances.

9. The parties respectfully request the Court approve settlement and dismiss this case with prejudice.

Dated on this 14ʰ day of July, 2023. Respectfully submitted,

| /s/ Matthew R. Gunter | /s/ Jennifer Monrose Moore |
|---|---|
| Matthew R. Gunter, Esq. | Jennifer Monrose Moore, Esq. |
| Florida Bar No.: 0077459 | Florida Bar No.: 35602 |
| Morgan & Morgan, PA | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| 20 N. Orange Avenue Suite 1600 | 100 North Tampa Street, Suite 3600 |
| Orlando, FL 32801 | Tampa, FL 33602 |
| Telephone: (407) 236-0946 | Telephone: (813) 221-7262 |
| Facsimile: (407) 867-4791 | Email: jennifer.moore@ogletree.com |
| MGunter@forthepeople.com | Counsel for Defendant |
| Counsel for Plaintiff | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of July, 2023, I electronically filed the foregoing using the CM/ECF filing system, which I understand will send a notice of electronic filing to all parties of record.

s/ MATTHEW GUNTER
Matthew Gunter, Esq.