UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICHOLAUS WHITE,

    Plaintiff,

v.                                              CASE NO. 3:23-cv-140-TJC-JBT

SECURITAS SECURITY
SERVICES USA, INC., etc.

    Defendant.
_____/

**ORDER APPROVING SETTLEMENT
AND DISMISSING CASE WITH PREJUDICE[1]**

**THIS CAUSE** is before the Court on the Parties' Joint Motion to Approve the Parties' Settlement ("Motion") (Doc. 18). For the reasons stated herein, the Motion is due to be **GRANTED**, the Settlement Agreement ("Agreement") (Doc. 18-1) is due to be **APPROVED**, and this action is due to be **DISMISSED with prejudice**.

**I.    Background**

Plaintiff filed the instant action seeking unpaid overtime wages and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). (Doc. 1.) According to the Complaint, Plaintiff was employed by Defendant as a non-exempt security guard in 2022. (*Id.* at 3.) Plaintiff alleged that Defendant failed to pay him time and one-half of his regular rate of pay for hours worked in

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 20 & 21).

excess of 40 hours per week. (*Id.*) Specifically, Plaintiff alleged that Defendant "shaved time from Plaintiff's time card and paid him for less hours than he actually worked doing most, if not all, work weeks." (*Id.*)

The Agreement provides for a total settlement of $8,000.00, consisting of $2,300.00 to Plaintiff for unpaid overtime wages, $2,300.00 to Plaintiff for liquidated damages, and $3,400.00 to Plaintiff's attorney for attorneys' fees and costs. (Doc. 18-1 at 3.) The Motion requests that the Court approve the Agreement and dismiss the action with prejudice. (Doc. 18 at 5.)

**II.    Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these

rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2]

In *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without

---

[2] The Court does not rely on unpublished opinions as binding precedent. However, they may be cited as persuasive authority. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

3

> separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

### III.   Analysis

In the Motion, the parties represent that Plaintiff is receiving full compensation for his unpaid overtime wages:

> Under the settlement reached between the parties, Plaintiff acknowledges that Defendant does not admit he was not paid overtime required, but that the settlement of his claims are [sic] solely to avoid unnecessary continued litigation. Plaintiff agrees that he will receive compensation for every hour of overtime claimed by him based upon information from Defendant and his own counsel, where applicable within the full statute of limitations period based upon his claimed regular rate and number of overtime hours. With the parties' settlement encompassing an individualized analysis of Plaintiff's discrete claims and provides Plaintiff with the actual amount claimed based upon the overtime rate, the parties believe that Plaintiff will receive consideration in full compensation for any overtime wages that may have been recovered from Defendant had he prevailed. *Mackenzie v. Kindred Hosps. E., LLC,* 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

(Doc. 18 at 2.)

Further, in Plaintiff's Notice of Settlement, Plaintiff states that he "will receive full relief for his alleged claims under the Fair Labor Standards Act." (Doc. 17 at 1.) Thus, it appears that any compromise pertains solely to liquidated damages. The parties represent to the Court that the $4,600.00 settlement amount paid to Plaintiff is the result of "arms-length negotiation" and a "fair and reasonable resolution" achieved after "sufficient investigation and exchange of information." (Doc. 18 at 3.) Given the parties' dispute over the correct amount of overtime worked, if any, the Court finds that the $4,600.00 compromise is reasonable. In sum, the Agreement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorneys' fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorneys' fees and costs to be paid to his counsel. *See King*, 2007 WL 737575, at *4.

Plaintiff's attorneys' fees and costs were negotiated separately and without regard to the amount paid to Plaintiff. (Doc. 18 at 4–5.) Additionally, there is no reason to believe Plaintiff's recovery was adversely affected by the agreed-upon

fees and costs. The amount of $3,400.00 for fees and costs appears reasonable on its face, and it appears that counsel is being adequately compensated for his work. Thus, both aspects of the *Silva* attorneys' fee inquiry are satisfied.[3]

Therefore, it is **ORDERED AND ADJUDGED**:

1. The Motion (**Doc. 18**) is **GRANTED**.

2. The Agreement (**Doc 18-1**) is **APPROVED**.

3. The action is hereby **DISMISSED with prejudice**.

4. The Clerk of Court is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 2, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

---

[3] Since the Court is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such analysis is required.